UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWONE STOKES,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>OFFICER GREENWALT; CALLE; ESQUAVIS; MCMORROW; LINARES; MARTINEZ,<br><br>　　　　Defendants. | NO. CV 22-4187-ODW (AGR)<br><br>ORDER DISMISSING COMPLAINT AGAINST DEFENDANTS ESQUAVIS, MCMORROW, LINARES AND MARTINEZ WITH LEAVE TO AMEND |

## I.
## PROCEDURAL HISTORY

Plaintiff, who is incarcerated Mens Central Jail, filed a civil rights complaint under 42 U.S.C. § 1983 against (1) Deputy Greenwalt; (2) Deputy Calle; (3) Deputy Esquavis; (4) Sergeant McMorrow; (5) Deputy Linares; and (6) Deputy Martinez. Each officer was sued in his or her individual capacity.

Plaintiff proceeds *pro se* and without prepayment of filing fees.

The Court screens the complaint to determine whether it fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

The Court's screening is governed by the following standards. To survive

dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citations omitted).

A pro se complaint is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Before dismissing a pro se civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure them unless it is clear the deficiencies cannot be cured by amendment. *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987).

## II.
## SUMMARY OF COMPLAINT

Plaintiff does not disclose whether he is incarcerated as a pretrial detainee or as a convicted prisoner.

Plaintiff alleges that, on April 18, 2022 he was moved to cell C-12-3300. The cell had no running water. The cold water did not work and the hot water shot into the air. Plaintiff alerted Deputy Calle to the situation, and Deputy Greenwalt told Plaintiff that he had toilet water to use. Plaintiff was forced to drink toilet water. Finally, on May 25, 2022, Plaintiff notified Officer Jara, who called for an emergency plumber to fix the water. (Compl., Dkt. No. 1 at 7-8.)[1]

The complaint asserts an Eighth Amendment claim and seeks monetary and other relief. (*Id.* at 9.)

---

[1] Because the complaint is not consecutively paginated, the court refers to the pages assigned by CM/ECF in the header of the document.

## III.

## **SUPERVISORY AND INDIVIDUAL LIABILITY**

The complaint does not disclose whether Plaintiff is a pretrial detainee or convicted prisoner. However, the complaint asserts a claim under the Eighth Amendment, which applies to convicted prisoners. *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc). The complaint also cites a prior action Plaintiff filed in the Eastern District of California. That action referred to Plaintiff as a convicted prisoner and applied the Eighth Amendment. *Stokes v. Meir*, 2021 U.S. Dist. LEXIS 70580 (E.D. Cal. Apr. 9, 2021). Accordingly, this court proceeds to analyze Plaintiff's claims under the Eighth Amendment.

The complaint appears to assert plausible claims for relief against Deputy Greenwalt and Deputy Calle for leaving Plaintiff without running water during April 18 – May 25, 2022 and thereby forcing him to drink toilet water.

The complaint does not sufficiently allege a plausible factual basis for liability against the remaining defendants – Deputy Esquavis, Sergeant McMorrow, Deputy Linares and Deputy Martinez. The complaint alleges a conclusory allegation that these defendants "were all made aware that I had no access to water." (Compl., Dkt. No. 1 at 7.) The complaint does not allege how each defendant knew, who informed him or her, and when.

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). The complaint must allege facts indicating that the prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

To the extent Plaintiff relies on supervisory liability, supervisors are not

vicariously liable for the constitutional violations of other persons under Section 1983, but only for their own conduct. *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013). "A supervisory official is liable under § 1983 so long as 'there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018) (citations omitted); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). The causal connection may be established by setting in motion a series of acts by others, or by knowingly refusing to terminate a series of acts by others, that the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury. *Id.* at 1207–08. "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Id.* at 1208 (citation omitted).

## IV.

## ORDER

For the reasons discussed above, the Court DISMISSES the complaint against Defendants Esquavis, McMorrow, Linares, and Martinez with leave to amend within 30 days after entry of this order.

If Plaintiff chooses to file a First Amended Complaint, it must bear the docket number assigned to this case, be labeled "First Amended Complaint," and be complete in and of itself without reference to the prior complaint, attachments, pleadings or other documents. The First Amended Complaint supersedes the original complaint and must contain all of Plaintiff's claims against all defendants named in the First Amended Complaint, including Defendants Calle and Greenwalt.

If Plaintiff does not timely file a First Amended Complaint, the action will

proceed on Plaintiff's Eighth Amendment claims against Defendants Calle and Greenwalt in their individual capacity.

DATED: June 23, 2022

_____
OTIS D. WRIGHT II
United States District Judge